Judge RYAN
delivered the opinion of the Court.
A military judge, sitting alone as a general court-martial, convicted Appellant, pursuant to his pleas, of disobeying a noncommissioned officer, use of provoking speech,[1] assault with a deadly weapon, and communicating a threat, in violation of Articles 91, 117, 128, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 891, 917, 928, 934 (2006). The military judge sentenced Appellant to a bad-conduct discharge, confinement for five months, forfeiture of all pay and allowances, and reduction to E-l. The convening authority approved the sentence and ordered that it be executed except for the bad-conduct discharge. The United States Army Court of Criminal Appeals (ACCA) summarily affirmed the findings of guilty and sentence. United States v. Nealy, No. ARMY 20100654, slip op. at 1 (A.Ct.Crim. App. May 16, 2011).
In this case, Appellant (1) pleaded guilty to an offense that is not, under this Court’s decision in United States v. Jones, 68 M.J. 465 (C.A.A.F.2010), a lesser included offense (LIO) of the charge referred to the court-martial, but which is listed as an LIO in the Manual for Courts-Martial, United States (MCM),[2] and (2) also pleaded guilty to a charged violation of Article 134, UCMJ, where the specification failed to allege either clause 1 or 2 of the terminal element of Article 134, UCMJ.[3]
First, we decline to divest the convening authority’s properly convened court-martial of jurisdiction over referred charges or listed LIOs of those charges where the entire record suggests that everyone involved believed that the Article 117, UCMJ, offense was an LIO of the Article 134, UCMJ, offense, and that, therefore, the convening authority intended it to be referred to court-martial. Second, while it was error to fail to allege the terminal element of Article 134, UCMJ, expressly or by necessary implication, under the facts of this case, there was no prejudice to Appellant’s substantial rights.
I. FACTUAL BACKGROUND
This case relates to a fight that took place on April 21, 2010, after a noncommissioned officer (NCO) overheard Appellant making a thinly veiled threat against him. When the NCO attempted to disarm Appellant of a knife, Appellant stabbed the NCO in the back. After this event, Appellant was taken into custody, and, on April 29, 2010, charges were preferred against Appellant. As referred on June 2, 2010, by the convening authority to a general court-martial, Charge III alleged two specifications of communicating a threat, in violation of Article 134, UCMJ.
*75 Prior to his court-martial proceedings, Appellant submitted an “Offer to Plead Guilty” and, after the convening authority rejected this offer, a “Revised Notice of Pleas and Forum.” In both of these documents, as to Charge III, Specification 1, Appellant offered to plead not guilty to the Article 134, UCMJ, offense, but guilty to the “lesser included offense” of provoking speech, in violation of Article 117, UCMJ.[4] To Charge III, Specification 2, Appellant offered to plead guilty to the charged offense, but with minor changes to the language in the specification.
During the plea inquiry for Charge III, Specification 1, the military judge noted that Appellant was pleading guilty to an LIO of the charged offense and that Appellant had provided the draft specification for that violation. The military judge then informed Appellant of the elements of a violation of Article 117, UCMJ, and had him describe in his own words how his conduct satisfied those elements.
The military judge then conducted a plea inquiry for Charge III, Specification 2. When explaining the elements of communicating a threat in violation of Article 134, UCMJ, the military judge included and defined clauses 1 and 2 of the terminal element of Article 134, UCMJ. Appellant then admitted that his actions were “prejudicial to good order and discipline” and explained why he believed this to be true.
After the plea inquiry, the Government sought to prove Charge III, Specification 1, as charged, rather than acquiesce to Appellant’s plea of guilty to the violation of Article 117, UCMJ. Notwithstanding the Government’s efforts, the military judge convicted Appellant, pursuant to his plea, of the “lesser included offense of provoking speech in violation of Article 117, [UCMJ].”
II. JURISDICTION
As a threshold matter, we must address Appellant’s claim that the court-martial did not have jurisdiction over the Article 117, UCMJ, offense of provoking speech that he himself drafted, because, under Jones, 68 M.J. 465, the offense to which he pleaded guilty is not in fact an LIO of the Article 134, UCMJ, offense that was referred to the court-martial. Therefore, Appellant reasons, the convening authority did not refer the Article 117, UCMJ, offense and the court-martial lacked jurisdiction to accept his plea of guilty to that specification. We disagree.
“Jurisdiction is the power of a court to try and determine a case and to render a valid judgment. Jurisdiction is a legal question which we review de novo.” United States v. Harmon, 63 M.J. 98, 101 (C.A.A.F. 2006) (quotation marks omitted); see also United States v. Alexander, 61 M.J. 266, 269 (C.A.A.F.2005). “Generally, there are three prerequisites that must be met for courts-martial jurisdiction to vest: (1) jurisdiction over the offense, (2) personal jurisdiction over the accused, and (3) a properly convened and composed court-martial.” Harmon, 63 M.J. at 101.
Appellant does not argue that the court-martial lacked subject matter jurisdiction over the offense under Article 18, UCMJ, 10 U.S.C. § 818 (2006), or that it lacked personal jurisdiction over him under Article 2(a), UCMJ, 10 U.S.C. § 802(a) (2006). Nor does he allege that the court-martial itself was improperly convened, Rule for Courts-Martial (R.C.M.) 504, that it was convened by an unqualified authority, Article 22(a), UCMJ, 10 U.S.C. § 822(a) (2006), or that there was “any defect in the court’s jurisdiction over the originally preferred charge,” United States v. Henderson, 59 M.J. 350, 354 (C.A.A.F.2004).
Instead, Appellant relies on a provision of the MCM, R.C.M. 201, “Requisites of court-martial jurisdiction,” which provides that “[e]ach charge before the court-martial must be referred to it by competent authority.” R.C.M. 201(b)(3). Referral is defined, generally, as “the order of a convening authority that charges against an accused will be tried by a specified court-martial.” R.C.M. 601(a). *76 This Court has held that where a particular charge or specification was not referred to a court-martial, either formally or informally, by the officer who convened the court-martial (or his successor in command), the court-martial lacks jurisdiction to enter findings over that charge or specification. United States v. Wilkins, 29 M.J. 421, 424 (C.M.A. 1990). The rationale that the Court provided is that, “in the context of the history of American courts-martial,” it is the convening authority’s personal decision, and a prerequisite to jurisdiction, that a charge be referred to court-martial. Id. at 423-24.
In Wilkins, the Court determined that the court-martial had jurisdiction over a charge where the convening authority referred one offense on the charge sheet, but entered into a pretrial agreement whereby he agreed to accept a plea of guilty from the appellant to a different charge that also was not an LIO of the original charge. Id. at 424-25. Discussing Wilkins, the Court in Henderson, 59 M.J. at 353-54, highlighted the fact that in Wilkins the convening authority had the authority to refer both the offense charged and the offense to which the appellant pleaded guilty, and that the court-martial had subject matter jurisdiction over both offenses. Compare Wilkins, 29 M.J. at 424-25 (above), with Henderson, 59 M.J. at 353-54 (highlighting these aspects of Wilkins in order to distinguish its finding of jurisdictional error where the court-martial lacked subject matter jurisdiction over the offense charged, ab initio).
It is uneontested that the convening authority in this case had the authority to refer both the Article 117, UCMJ, and Article 134, UCMJ, offenses, and that the court-martial had subject matter jurisdiction over the offenses and personal jurisdiction over the accused. Furthermore, we have held that when a convening authority refers a charge to a court-martial, any LIOs of that charge are referred with it, and need not be separately charged and referred. United States v. Virgilito, 22 USCMA 394, 396, 47 C.M.R. 331, 333 (1973); see also R.C.M. 307(c)(4) Discussion (“In no case should both an offense and a lesser included offense thereof be separately charged.”). This holding is consonant with other provisions of the UCMJ and the MCM. See Article 79, UCMJ, 10 U.S.C. § 879 (2006) (“An accused may be found guilty of an offense necessarily included in the offense charged_”); R.C.M. 910(a)(1) (“An accused may plead as follows: guilty; not guilty to an offense as charged, but guilty of a named lesser included offense.... ”); see also Article 59(b), UCMJ, 10 U.S.C. § 859(b) (2006) (“Any reviewing authority with the power to approve or affirm a finding of guilty may approve or affirm, instead, so much of the finding as includes a lesser included offense.”). It is, therefore, significant that at all relevant times during Appellant’s proceedings, Article 117, UCMJ, “provoking speech[ ],” was listed in the MCM as an LIO of Article 134, UCMJ, communicating a threat. See MCM pt. IV, para. 110.d.(1).
We agree with the parties, that under this Court’s more recent jurisprudence, Article 117, UCMJ, provoking speech, is not in fact an LIO of Article 134, UCMJ, communicating a threat. See Jones, 68 M.J at 470 (adopting the elements test and holding that an offense is an LIO of another offense only “[i]f all of the elements of offense X are also elements of offense Y” such that the “lesser offense is literally, and hence ‘necessarily,’ included in the greater”). However, in our view, the entire record suggests that everyone involved in the case believed that the Article 117, UCMJ, offense was in fact an LIO of the Article 134, UCMJ, offense and that when the convening authority in this case referred the charge and specification at issue he also, by implication, intended to refer any offense listed as an LIO in the MCM. It is the convening authority’s intent that controls for purposes of R.C.M. 201(b)(3). Also, if the convening authority perceives that the referral authority has been infringed, the convening authority may address this concern under Article 60(e)(3), UCMJ, 10 U.S.C. § 860(e)(3) (2006) (“A rehearing may be ordered by the convening authority ... if he disapproves the findings and sentence and states the reasons for disapproval of the findings.”).
In light of the facts that the convening authority had the authority to refer the offenses and that the properly convened court- *77 martial had subject matter jurisdiction over the offenses and personal jurisdiction over the accused, the better view is that, under the facts of this case, the convening authority intended to, and did, refer any listed LIO when he referred the Article 134, UCMJ, offense.[5] We are unwilling to divest the convening authority’s properly convened court-martial of jurisdiction over the LIOs of an offense listed in the MCM at the time of referral.
III. CHAEGE III, SPECIFICATION 2: ARTICLE 134, UCMJ, VIOLATION
Appellant was also convicted, pursuant to his plea, of a separate specification of a charged violation of Article 134, UCMJ, communicating a threat. As referred on June 2, 2010, the specification to which Appellant pleaded guilty on August 9, 2010, did not allege clause 1 or 2 of the terminal element of Article 134, UCMJ. See R.C.M. 307(c)(3). However, here, as in United States v. Ballan, “[t]he Article 134, UCMJ, specification[ ] [was] legally sufficient at the time of trial and [is] problematic today only because of intervening changes in the law.” 71 M.J. 28, 34 n. 4 (C.A.A.F.2012). As we noted in Ballan:
[I]n the context of a specification that was legally sufficient at the time of trial and to which a plea of guilty was entered and accepted, the real question is whether we will find prejudice and disturb the providence of a plea where the providence inquiry clearly delineates each element of the offense and shows that the appellant understood “to what offense and under what legal theory [he was] pleading guilty.”
Id. at 34 (quoting United States v. Medina, 66 M.J. 21, 26 (C.A.A.F.2008)) (alteration in original). In that case, we answered this question in the negative, tested the error for prejudice, and found none. Ballan, 71 M.J. at 34-36. Applying that same framework here, we likewise conclude that Appellant was not prejudiced.
The only relevant factual difference between Appellant’s Article 134, UCMJ, conviction and the conviction in Ballan is that, in Ballan, the appellant entered into a pretrial agreement and submitted a stipulation of fact prior to trial — the latter of which contained the terminal element for each Article 134, UCMJ, specification. See id. at 31. This difference does not, however, override the fact that the properly conducted providence inquiry in this case, as in Ballan, ensured “notice of the offense of which [Appellant] may be convicted and all elements thereof before his plea [was] accepted and, moreover, protect[ed] him against double jeopardy.” Id. at 35.
During the plea colloquy, the military judge described and defined clauses 1 and 2 of the terminal element of the Article 134, UCMJ, offense. Here, as in Ballan, “Appellant was required to admit that his actions violated either clause 1 or 2 of the terminal element of [the Article 134, UCMJ] offense, and he did in fact admit that his actions were” prejudicial to good order and discipline, before his plea could be accepted by the military judge. See id. (distinguishing Medina, 66 M.J. at 28, where the admission to clause 1 or 2 of the terminal element of Article 134, UCMJ, was superfluous).
Appellant was on notice of clause 1 of the terminal element of Article 134, UCMJ, before his plea of guilty was accepted and demonstrated that he ‘“clearly understood the nature of the prohibited conduct’ as being in violation of clause 1” of Article 134, UCMJ. See Medina, 66 M.J. at 28 (quoting United States v. Martinelli, 62 M.J. 52, 67 (C.A.A.F.2005)); see also Ballan, 71 M.J. at 35. In sum:
[W]hile it was error in a retroactive sense to accept a plea of guilty to an Article 134, UCMJ, charge and specification, which did not explicitly or by necessary implication contain the terminal element, under the facts of this case, the showing of error alone is insufficient to show prejudice to a substantial right.
*78 Ballan, 71 M.J. at 36 (citing Puckett v. United States, 556 U.S. 129, 142, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009) (finding that the mere showing of error cannot be “recast” as the effect on substantial rights)).
IV. DECISION
The decision of the United States Army Court of Criminal Appeals is affirmed.

. Relevant to Specified Issue I, Appellant was charged with two specifications of communicating a threat, violations of Article 134, UCMJ, not one specification of use of provoking language and one specification of communicating a threat, violations of Articles 117 and 134, UCMJ, respectively.

. See MCM pt. IV, para. 110.d.(l) (2008 ed.).

. Appellant submitted a petition for a grant of review with no assignment of error, and, on August 15, 2011, this Court specified the following two issues:
I. APPELLANT WAS CHARGED WITH COMMUNICATING A THREAT UNDER ARTICLE 134, BUT WAS CONVICTED PURSUANT TO HIS PLEA OF USING PROVOKING SPEECH IN VIOLATION OF ARTICLE 117. IN LIGHT OF UNITED STATES v. JONES, 68 M.J. 465 (2010) CAN THE CONVICTION BE SUSTAINED?
II. WHETHER AN ARTICLE 134 CLAUSE 1 OR 2 SPECIFICATION THAT FAILS TO EXPRESSLY ALLEGE EITHER POTENTIAL TERMINAL ELEMENT STATES AN OFFENSE UNDER THE SUPREME COURT'S HOLDINGS IN UNITED STATES v. RESEN-DIZ-PONCE AND RUSSELL v. UNITED STATES, AND THIS COURT'S RECENT OPINIONS IN MEDINA, MILLER, AND JONES.
United States v. Nealy, 70 M.J. 333 (C.A.A.F. 2011) (order granting review).

. At all relevant times during the proceedings. Article 117, UCMJ, "provoking speechf],” was listed in the MCM as an LIO of Article 134, UCMJ, communicating a threat. MCM pt. IV, para. 110.d.(l).

. This conclusion is not inconsistent with the Court’s holding in Jones, which addressed constitutional rights and the limits on the President’s ability to dictate substantive criminal law. 68 M.J. at 471-72. Here, on the other hand, we are addressing the interplay between presidentially listed LIOs and a presidentially created jurisdictional prerequisite, R.C.M. 201(b)(3).