# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 JUEL R. BIZZELL**
**United States Army, Appellant**

ARMY 20100898

Headquarters, United States Army Aviation and Missile Command
Stephen E. Castlen, Military Judge
Colonel Craig A. Meredith, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Laura R. Kesler, JA; Captain Meghan M. Poirier, JA (on brief).

For Appellee: Major Amber J. Williams, JA; Major Ellen Jennings, JA; Major Mary E. Braisted, JA (on brief).

27 April 2012

--------------------------------
SUMMARY DISPOSITION
--------------------------------

BURTON, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of five specifications of larceny, one specification of obtaining services under false pretenses, and one specification of impeding an investigation in violation of Articles 121 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 934 (2006) [hereinafter UCMJ], respectively. The military judge sentenced appellant to a bad-conduct discharge and confinement for five months, and the convening authority approved the adjudged sentence.

This case is before this court for review pursuant to Article 66, UCMJ. Appellant raises two assignments of error through counsel, one of which merits discussion. In addition, we note that Specifications 1 and 2 of Charge II, setting forth violations of Article 134, UCMJ, do not expressly allege a terminal element. We have considered the Article 134 charge and its specifications. In light of *United*

*States v. Ballan*, 71 M.J. 28 (C.A.A.F. 2012), and *United States v. Nealy*, 71 M.J. 73 (C.A.A.F. 2012), we find no prejudice to the appellant and no relief warranted.

We have also considered appellant's assignments of error, the government's answer and the record of trial. We find the military judge failed to resolve a matter raised by appellant during the providence inquiry that is inconsistent with his plea relative to the victim of the alleged larceny. Accordingly, we will take corrective action in our decretal paragraph.

## BACKGROUND

Appellant stole the Automated Teller Machine (ATM) card belonging to his roommate, Private (PVT) DM, and withdrew $400 from a Redstone Federal Credit Union ATM on four separate occasions. Appellant was thereafter charged with, and pled guilty to, both stealing the ATM card from PVT DM and stealing $1600 from Redstone Federal Credit Union. Appellant was originally charged in Specifications 2, 3, 4, and 5 of Charge I with larceny from PVT (E-1) DM, Marshall & Isley Bank, and Redstone Federal Credit Union. Prior to arraignment the government moved to amend Specifications 2 through 5 of Charge I to redact the words "PVT (E-1), D.M., Marshal & Isley Bank" and the word "and." The defense did not object and the military judge granted the motion. The parties did not enter into a stipulation of fact.

## LAW AND DISCUSSION

For the reasons set forth below, we find a substantial basis in law and fact for questioning the military judge's acceptance of appellant's guilty plea to Specifications 2, 3, 4 and 5 of Charge I. *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991); *see also United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). In considering the adequacy of guilty pleas, we consider the entire record to determine whether the requirements of Article 45, UCMJ, Rule for Courts-Martial [hereinafter R.C.M. 910], and *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), have been met. *United States v. Jordan*, 57 M.J. 236, 239 (C.A.A.F. 2002).

If an accused sets up a matter inconsistent with his guilty plea at any time during the proceeding, the military judge must resolve the inconsistency or reject the guilty plea. *Id*. (citing UCMJ, art. 45(a) and R.C.M. 910(h)(2); case citations omitted). When stating the elements of the offense, and in accord with the amended specifications, the military judge identified Redstone Federal Credit Union as the victim. The colloquy between the military judge and appellant regarding the factual basis for appellant's guilty plea, however, raises an inconsistency. The appellant is charged with larceny from Redstone Federal Credit Union; however, the appellant and the military judge repeatedly referred to PVT DM as the victim of the larcenies charged in Specifications 2 through 5 of Charge I. In reference to Specification 2,

BIZZELL – ARMY 20100898

the military judge asked appellant, "[a]nd that was Private M's ATM card and the cash came out of his account that you accessed with his PIN number?"  In reference to Specifications 3, 4 and 5, the military judge specifically asked appellant, "did you have any intent to ever give it back to PVT M?"; "did you have any intent to return that money to him at any time?"; and "did you intend to permanently deprive PVT M of that money?"

At no point during the providence inquiry did the military judge discuss with appellant whether the property belonged to the Redstone Federal Credit Union and what intent, if any, appellant had with regard to depriving  Redstone Federal Credit Union of any monies.  At the conclusion of the inquiry, the military judge again stated the elements and identified Redstone Federal Credit Union as the victim. The military judge went further and asked appellant, "[a]nd regarding specification 2, 3, 4 and 5 do you also admit that your intent was to deprive PVT M of that money as well?" Appellant's affirmative responses are insufficient to establish that he understood that Redstone Federal Credit Union, not PVT DM, was in fact the victim of the larcenies.  This inconsistency in the factual basis for appellant's guilty plea was not reconciled during the *Care* inquiry and raises a substantial basis in law and fact to question the military judge's acceptance of appellant's guilty plea to Specifications 2, 3, 4, and 5 of Charge I. *See Care*, 40 C.M.R. at 253; *see also* R.C.M. 910(e).

**CONCLUSION**

The findings of guilty of Specifications 2, 3, 4, and 5 of Charge I are set aside.  The remaining findings of guilty are affirmed.  After setting aside the findings of Specifications 2, 3, 4, and 5 of Charge I, we find that the sentencing landscape has dramatically changed. *See United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006) (Baker, J., concurring) (additional citations omitted).  The record of trial is returned to The Judge Advocate General for submission to the same or a different convening authority.  That convening authority may order a rehearing on Specifications 2, 3, 4, and 5 of Charge I and the sentence.  If the convening authority determines that a rehearing on those charges is impracticable, he may dismiss the charges and order a rehearing on sentence only.

Senior Judge JOHNSON and Judge KRAUSS concur.

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court

3