538

UNITED STATES of America

v.

Kalvin D. HUNT, Corporal (E–4), U.S. Marine Corps.

NMCCA 201100398.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged: 14 May 2011.

30 April 2012.

For Appellant: Capt. Michael D. Berry, USMC.

For Appellee: LCDR Craig Poulson, JAGC, USN; LT Benjamin J. Voce–Gardner, JAGC, USN.

Before the Court En Banc.

REISMEIER, C.J., delivered the opinion of the court in which MAKSYM and CARBERRY, S.J.J., and PAYTON–O'BRIEN, WARD, and MODZELEWSKI, J.J., concur. PERLAK, S.J., filed an opinion concurring in the result. BEAL, J., filed an opinion concurring in the result.

## PUBLISHED OPINION OF THE COURT

REISMEIER, Chief Judge:

A special court-martial composed of members convicted the appellant, contrary to his pleas, of attempted disobedience of a lawful general order, disobedience of a lawful order, and communication of a threat in violation of Articles 80, 90, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 890, and 934. The appellant was sentenced to confinement for 175 days, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged. The appellant's sole assigned error is that the specification alleging the communication of a threat failed to state an offense because the specification does not expressly allege the terminal element. We disagree.

Whether a specification states an offense is a matter we review *de novo*. *United States v. Crafter*, 64 M.J. 209, 211 (C.A.A.F.2006). A specification states an offense if it alleges every element of the offense, either expressly or by necessary implication. *United States v. Ballan*, 71 M.J. 28, 33 (C.A.A.F.2012); *United States v. Fosler*, 70 M.J. 225, 229 (C.A.A.F.2011); *Crafter*, 64 M.J. at 211; RULE FOR COURTS–MARTIAL 307(c)(3), MANUAL FOR COURTS–MARTIAL, UNITED STATES (2008 ed.). When a specification does not expressly allege an element of the intended offense, appellate courts must determine whether the terminal element was necessarily implied. *Fosler*, 70 M.J. at 230. The interpretation of a specification in such a

manner as to find an element was alleged by necessary implication is disfavored. *Ballan,* 71 M.J. at 33. Nonetheless, the law still remains that there is no error when a specification necessarily implies all the elements of an offense.

The specification at issue reads as follows: In that Corporal Kalvin D. Hunt, U.S. Marine Corps, Marine All Weather Fighter Attack Squadron 225, Marine Aircraft Group 11, Third Marine Aircraft Wing, Marine Corps Air Station Miramar, California, on active duty, did, at Naval Medical Center, San Diego, California, on or about 8 July 2010, wrongfully communicate to Lieutenant [H], U.S. Navy, a threat, by saying to him, "You better back the [fxxk] up Lieutenant, or I'll kick your ass too," or words to that effect.

The specification alleges a violation of Article 134 by communicating a threat. The statutory elements of this offense are: (1) the appellant did or failed to do certain acts and (2) under the circumstances, the appellant's conduct was either prejudicial to good order and discipline in the armed forces [*a clause (1) offense*], of a nature to bring discredit upon the armed forces [*a clause (2) offense*], or constituted a noncapital offense [*a clause (3) offense*]. *See Fosler,* 70 M.J. at 228–30; *United States v. Medina,* 66 M.J. 21, 24–26 (C.A.A.F.2008). The MANUAL FOR COURTS–MARTIAL, UNITED STATES (2008 ed.), Part IV, ¶ 110b, further defines this particular offense in this case as follows: (1) the accused communicated certain language expressing a present determination or intent to wrongfully injure another person, presently or in the future; (2) the communication was made known to the person threatened, or a third party; (3) the communication was wrongful; and (4) under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

Looking to the plain language contained within the four corners of the specification, we are unable to conclude that the specification alleges the terminal element expressly or by necessary implication. *See United States v. Nealy,* 71 M.J. 73, 77–79 (C.A.A.F. 2012). However, consistent with *Nealy,* having found error, we will test for prejudice.

The appellant has the burden of demonstrating prejudice. *Ballan,* 71 M.J. at 34 n. 6 (citing *United States v. Girouard,* 70 M.J. 5, 11 (C.A.A.F.2011)). On this record, the appellant has failed to meet that burden. In fact, we can discern nothing from this record other than full awareness as to the crime alleged and the elements supporting that crime. There was no request for a bill of particulars, no argument as to whether the elements were supported, no surprise stated or objection raised when the elements were provided to the members in instructions before counsel arguments, no confusion or indication that the defense was misled by the pleadings, and no claim, prior to the pleadings before this court, that the specification was in any way defective. Proof of prejudice, in the air, so to speak, is insufficient to support a conclusion that the plain error test has been satisfied. Were we to conclude otherwise, we would be forced to embrace a presumption of prejudice because of speculation that, perhaps, a different trial tactic may have been employed, or a different trial scenario might have taken shape but for the error, a conclusion wholly unsupported in the law of plain error.

For these reasons, the specification was defective because it failed to articulate the elements of the offense, either explicitly or by necessary implication. The error was plain and obvious, as this case is before us on direct appeal after the Court of Appeals for the Armed Forces' opinion in *Fosler.* However, we find no prejudice to the appellant, and decline to grant relief under our broader authority resting within Article 66(c), UCMJ, 10 U.S.C. § 866(c).

The findings and sentence are affirmed.

PERLAK, Senior Judge (concurring in the result):

The Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, specification at issue in this case is sufficient on its face and alleges every element of the charged offense expressly or by necessary implication. This assignment of error is without merit based

on the facial sufficiency of the specification per RULE FOR COURTS–MARTIAL 307(c)(3), MANUAL FOR COURTS–MARTIAL, UNITED STATES (2008 ed.). There is no impetus to proceed to a prejudice analysis in the absence of error. Art. 59(a), UCMJ, 10 U.S.C. § 859(a).

This case is necessarily distinguishable from *United States v. Fosler,* 70 M.J. 225 (C.A.A.F.2011) and *United States v. Ballan,* 71 M.J. 28 (C.A.A.F.2012), where additional analytical steps and differing levels of scrutiny were necessitated and applied to situations where the terminal element was neither expressly pled nor necessarily implied.

This case is likewise necessarily distinguishable from *United States v. Nealy,* 71 M.J. 73 (C.A.A.F.2012). While *Nealy* involves the Article 134 offense of communicating a threat, with obvious parallels to this case, *Nealy* is predicated upon a finding of error in the specification which is not present in this case. The appellant wrongfully threatened Lieutenant H with physical violence under circumstances devoid of any insinuation of jest or legitimacy and the threat he communicated was facially prejudicial to good order and discipline in the armed forces. In *Nealy,* the Court of Appeals for the Armed Forces found error and then conducted a prejudice analysis, contextualized, post-*Ballan,* to a guilty plea scenario. The specification in this case, compliant with R.C.M. 307, was notably contested at trial, making reliance upon *Nealy* doubly inapt. Consistent with my separate opinions in *United States v. Hackler,* 70 M.J. 624, 629–30 (N.M.Ct.Crim.App.2011) (Perlak, J., concurring in the result), *United States v. Redd,* No. 201000682, 2011 WL 6938430, at *10–11, 2011 CCA LEXIS 413, at 28–32, unpublished op. (N.M.Ct.Crim.App. 29 Dec. 2011) (Perlak, J., concurring in part), and *United States v. Lonsford,* 71 M.J. 501, 503–05 (N.M.Ct.Crim. App.2012) (Perlak, S.J., dissenting), should the specification in this case be found deficient under R.C.M. 307(c)(3), the nature of the plea entered must dictate an analytical framework not found in a guilty plea case like *Nealy.*

But the specification in this case is sufficient and in fact is archetypical in alleging conduct to the prejudice of good order and discipline, absent some nascent requirement to say those exact words (or some paraphrasing of same). If the necessary implication aspect of R.C.M. 307(c)(3) remains viable, the specification in this case must suffice. This specification, with a profanity-laced communication of a threat to a commissioned officer by a noncommissioned officer, aboard a naval installation, alleges every element of the charged offense expressly or by necessary implication. Under the circumstances alleged, there is no paradigm for good order and discipline which can countenance communication of this threat. Having found the specification sufficient and having identified no error, I join the court in affirming the findings and sentence.

BEAL, Judge (concurring in the result):

I believe the specification at issue alleges the terminal element by necessary implication. Accordingly, I find no error and concur in the result reached by the majority.

When a specification does not expressly allege an element of the intended offense, appellate courts must determine whether the terminal element was necessarily implied by interpreting the text of the charge and specification. *United States v. Fosler,* 70 M.J. 225, 230 (C.A.A.F.2011). While the developing trend in recent cases seems to disfavor the interpretation of specifications in such a manner as to find an element is alleged by necessary implication, military jurisprudence is still a notice pleading jurisdiction and the law remains that an element may be alleged by necessary implication. *United States v. Nealy,* 71 M.J. 73, 77–79 (C.A.A.F.2012); *Fosler,* 70 M.J. at 229.

Neither the RULES FOR COURTS–MARTIAL, MANUAL FOR COURTS–MARTIAL, UNITED STATES (2008 ed.), nor case law actually define the term "necessary implication," but the Court of Appeals for the Armed Forces recently explained that we are not permitted to "necessarily imply a separate and distinct element from nothing beyond allegations of the act or failure to act itself." *United States v. Ballan,* 71 M.J. 28, 33 (C.A.A.F.2012) (internal quotation marks omitted). In my view, whether a specifica-

tion alleges an element by necessary implication depends on: (1) the level of tolerance with which reviewing authorities read the specification, and (2) the facts stated within the specification.

Recent cases indicate a range in the levels of scrutiny that appellate courts should apply when interpreting the text of a charge and specification; the circumstances of the appellant's pleas determine the appropriate level of scrutiny. At one end of the spectrum, the highest level of scrutiny applies in contested cases where the charge and specification are first challenged at trial, the text is read narrowly and courts "will only adopt interpretations that hew closely to the plain text." *Fosler*, 70 M.J. at 230. At the other end of the spectrum, in the case of a guilty plea where the appellant raises the validity of a specification for the first time on appeal, the specification is viewed with "maximum liberality." *Ballan*, 71 M.J. at 33. In all cases, where a specification is challenged for the first time on appeal, a specification "is viewed with greater tolerance than one which was attacked before findings and sentence." *United States v. Watkins*, 21 M.J. 208, 209 (C.M.A.1986). The level of scrutiny that should be applied to the specification at issue falls somewhere in the middle of the spectrum because the appellant challenged the validity of the specification for the first time on appeal, but contested the charge and specification at trial.

In deciding what level of scrutiny to apply to the specification in this case, it is appropriate to consider the record as a whole to determine whether the pleading of the specification interfered with the appellant's defense. It is notable that the defense did not seek relief by either moving for a bill of particulars or moving to dismiss for failure to state an offense. Likewise, the defense did not move to dismiss the specification under R.C.M. 917. Additionally, the defense did not object to the trial judge's instructions to the members on the terminal elements for both a clause 1 and clause 2 offense. Furthermore, the specification alleged the facts as to the time, place, victim, and the words spoken with such specificity as to guard against the possibility of a subsequent prosecution for the same offense. The appellant and his military defense counsel had every opportunity to challenge the specification but chose not to.

Under these circumstances I see no interference with the appellant's rights to due process, notice, or protection against double jeopardy. Accordingly, I would eschew the standard espoused in *Fosler* and adopt the standard stated in *Watkins* of liberally construing the specification in favor of validity. *Watkins*, 21 M.J. at 209. Because the appellant did not plead guilty, I would not go so far as to adopt the maximum liberality standard stated in *Ballan*.

As to the facts stated within the specification, the majority correctly identifies the statutory elements and the facts set forth in the MANUAL FOR COURTS–MARTIAL, UNITED STATES (2008 ed.), which define the offense. I note that the language of the specification tracks the model specification provided in the MCM and does not expressly allege that the conduct was prejudicial to good order and discipline or was of a nature to bring discredit upon the armed forces. However, the facts alleged in the specification not only state the contemplated act, i.e. a wrongful communication of a threat to another person, they also state additional facts which place the communication of a threat into context. The specification states facts that the appellant, an enlisted Marine, profanely communicated the threat to a commissioned naval officer, whom the appellant recognized as a commissioned officer, i.e. "You better back the [fxxx] up Lieutenant...." Furthermore, the communication of this threat occurred in a military facility, the Naval Medical Center, San Diego.

Liberally construing the specification in favor of validity, I find the additional facts alleged in this specification bespeak of such a breakdown from traditional military mores, and which occurred in a military facility, that the terminal element of prejudice to good order and discipline is palpable. Likewise, the specification alleges acts that mark such

an egregious departure from the very basic norms expected of every service member, the conclusion that the conduct alleged was of a nature that brings discredit upon the armed forces is inescapable. Accordingly, I find the specification does allege each element of the offense by necessary implication.