# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Chief Warrant Officer Two FRANK A. BAILEY**
**United States Army, Appellant**

ARMY 20100533

Headquarters, United States Army Accessions Command and Fort Knox
Timothy Grammel, Military Judge
Colonel Robert J. Cotell, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain A. Jason Nef, JA (on brief).

For Appellee: Major Amber J. Roach, JA; Major LaJohnne A. White, JA; Captain Steve T. Nam, JA (on brief).

28 September 2012

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of attempted larceny (nine specifications), conspiracy to commit larceny, dereliction of duty, false official statement, larceny (twenty-five specifications), adultery, and fraternization in violation of Articles 80, 81, 92, 107, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 881, 892, 907, 921, 934 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a dismissal from the service, confinement for twenty-three months, and forfeiture of all pay and allowances. The convening authority approved only so much of the adjudged sentence as provides for a dismissal from the service, confinement for ten months, and forfeiture of all pay and allowances.

The convening authority approved appellant's request for deferment of automatic and adjudged forfeitures until action. At action, the convening authority waived appellant's automatic forfeitures for a six-month period, with direction that they be paid to appellant's spouse. However, the convening authority failed to

disapprove the adjudged forfeitures, thus leaving no pay and allowances to waive for the benefit of appellant's spouse. Therefore, in order to effectuate the clear intent of the convening authority and in the spirit of judicial economy, we set aside that portion of the sentence that includes forfeiture of all pay and allowances.

This case is before this court for review under Article 66, UCMJ. Appellant has raised the following assignment of error:

> WHETHER SPECIFICATIONS 1 AND 2 OF CHARGE VI FAIL TO STATE AN OFFENSE AS THEY DO NOT ALLEGE, EXPRESSLY OR BY NECESSARY IMPLICATION, THE "TERMINAL ELEMENT" AS REQUIRED BY *UNITED STATES v. FOSLER*, 70 M.J. 225 (C.A.A.F. 2011).

## DISCUSSION

We review a failure to allege the terminal elements of Article 134, UCMJ under a plain error analysis. Under the plain error analysis, "[a]ppellant has the burden of demonstrating that: (1) there was error; (2) the error was plain or obvious; and (3) the error materially prejudiced a substantial right of the accused." *United States v. Girouard*, 70 M.J. 5, 11 (C.A.A.F. 2011) (citing *United States v. Powell*, 49 M.J. 460, 463–65 (C.A.A.F. 1998)). Specifications 1 and 2 of Charge IV are defective as they fail to allege the terminal elements of Article 134, UCMJ. However, the error was not materially prejudicial to appellant's substantial rights. A properly conducted providence inquiry delineated each element and showed that appellant understood the offenses and the theory of criminal liability. The providence inquiry provided "notice of the offense of which [appellant] may be convicted and all elements thereof before his plea [was] accepted, and moreover, protect[ed] him against double jeopardy." *United States v. Nealy*, 71 M.J. 73, 77 (C.A.A.F. 2012) (quoting *United States v. Ballan*, 71 M.J. 28, 35 (C.A.A.F. 2012)). Under the facts of this case, we are convinced that the record of trial demonstrates appellant had sufficient notice of the terminal elements and the theory of criminality pursued by the government. Appellant is protected against double jeopardy.

## CONCLUSION

On consideration of the entire record, the findings of guilty are affirmed. The court affirms only so much of the sentence as provides for a dismissal from the service and confinement for ten months. All rights, privileges, and property of

which appellant has been deprived by virtue of that portion of his sentence set aside by this decision are ordered restored.  *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court