# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist ZACHARY B. ROBERTSON**
**United States Army, Appellant**

ARMY 20100124

Headquarters, Fort Stewart
Tara A. Osborn, Military Judge
Lieutenant Colonel Shane E. Bartee, Staff Judge Advocate (pretrial & recommendation)
Colonel Jonathan C. Guden, Staff Judge Advocate (addendum)

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Captain Barbara Snow-Martone, JA; Captain A. Jason Nef, JA (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Julie A. Glascott, JA; Major Thomas E. Brzozowski, JA (on brief).

28 December 2012

----------------------------------
SUMMARY DISPOSITION
----------------------------------

ALDYKIEWICZ, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his plea, of negligent homicide in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2006) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for sixteen months, and reduction to the grade of E-1. The automatic forfeiture of all pay and allowances required by Article 58b, UCMJ, was waived at action for a period of three months for the benefit of appellant's dependents.

This case is before us for review under Article 66, UCMJ. We have considered the record of trial, the assignment of error raised by appellant, and the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Appellant alleges the military judge abused her discretion in accepting appellant's plea to negligent homicide when the offense is not a lesser

included offense (LIO) of involuntary manslaughter and the charge was not "formally referred."

On 5 August 2009, appellant was charged with false official statement, damaging military property through neglect, and involuntary manslaughter, violations of Articles 107, 108, and 119, UCMJ. All charges stem from the tragic death of SSG M when the Pontiac G-6 he was driving collided, head on, with the up armored High Mobility Multipurpose Wheeled Vehicle (HMMWV) operated by appellant.

On 28 October 2009 appellant's charges were referred to a general court-martial. On 17 November 2009, appellant was arraigned on the referred charges. On 27 January 2010, the convening authority accepted appellant's 19 January 2010 offer to plead guilty whereby appellant offered to plead guilty to negligent homicide, "the Lesser Included Offense [(LIO) of involuntary manslaughter]." In exchange: the government would not prove up the false official statement charge, the damaging military property through neglect charge, or the greater involuntary manslaughter charge; the convening authority would disapprove any confinement in excess of twenty-four months; and the convening authority would disapprove any adjudged dishonorable discharge, substituting therefor a bad-conduct discharge. On 17 February 2010, appellant pleaded guilty to negligent homicide consistent with his offer to plead guilty. After a thorough, complete, and fully developed providence inquiry, covering the elements and all appropriate definitions related to negligent homicide to include the terminal elements for both a Clause 1 and Clause 2, Article 134, UCMJ offense,[1] the court entered a finding of guilty to the LIO of negligent homicide.

On 19 April 2010, our superior court decided *United States v. Jones*, 68 M.J. 465 (C.A.A.F. 2010), "return[ing] to the elements test" to determine if offenses stand in a greater-lesser relationship. *Jones*, 68 M.J. at 468 (indecent acts not an LIO of rape where the greater offense does not include all elements of the lesser); *see also*, *United States v. Girouard*, 70 M.J. 5 (C.A.A.F. 2011) (negligent homicide not an LIO of premeditated murder as the former requires a finding of prejudice to good order and discipline or service discrediting conduct, elements not found in premeditated murder).

Applying a strict elemental analysis, appellant is correct—negligent homicide is not an LIO of involuntary manslaughter. Appellant's reliance, however, on *Jones* and *Girouard*, in support of his requested relief that this court set aside his conviction is misplaced. Unlike the accuseds in *Jones* and *Girouard*, both contested

---

[1] The terminal elements of all charges brought under Clauses 1 or 2 of Article 134, UCMJ, require proof that the conduct at issue was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

2

courts-martial, appellant pleaded guilty pursuant to an offer to plead guilty that he submitted to the convening authority. Once acted on, the convening authority constructively referred the negligent homicide charge, placing that offense within the jurisdiction and purview of the court like any other properly referred offense. *See United States v. Wilkins*, 29 M.J. 421 (C.M.A. 1990) (entry into plea agreement where accused agreed to plead guilty to receiving stolen property, a non-LIO of the charged offense of larceny, resulted in functional equivalent of a referral). *See also United States v. Ballan*, 71 M.J. 28 (C.A.A.F. 2012) (plea agreement accepting plea to indecent act with a child in violation of Article 134, UCMJ, a non-LIO to the charged offense of rape of a child in violation of Article 120, UCMJ, is functional equivalent of a referral); *United States v. Nealy*, 71 M.J. 73 (C.A.A.F. 2012) (entry into plea agreement where accused pleads guilty to provoking speech in violation of Article 117, UCMJ, a non-LIO of communicating a threat in violation of Article 134, UCMJ, where all parties to the agreement believed the offenses stood in a lesser-greater relationship evidences convening authority's intent to refer the Article 117, UCMJ offense).

Although the charge of negligent homicide was constructively referred, appellant's offer did not provide a modified specification to which he was pleading. He simply offered to plead to what was believed to be, prior to *Jones*, an LIO of the charged involuntary manslaughter offense. As such, appellant's plea offer did not, either expressly or by necessary implication, allege the terminal elements for a clause 1 or clause 2, Article 134, UCMJ offense. Pursuant to U*nited States v. Fosler*, 70 M.J. 225 (C.A.A.F.2011), and *United States v. Ballan*, 71 M.J. 28 (C.A.A.F.2012), failure to allege the terminal elements is error. However, error alone is insufficient to establish prejudice to a substantial right.

The stipulation of fact in appellant's case states, "The accused specifically admits that the death of SSG [M] was unlawful and as a Soldier on duty his actions prejudice the good order and discipline of the armed forces." During the providence inquiry, the military judge properly advised appellant of the elements of negligent homicide and provided the definitions of conduct prejudicial to good order and discipline and service discrediting conduct, elements and definitions which appellant acknowledged and stated he understood. Finally, during the plea colloquy with the military judge, appellant stated he believed his actions were both prejudicial to good order and discipline and service discrediting, specifically describing why he thought both elements applied to his actions. On the facts of this case, there was no prejudice to appellant's substantial rights as a result of the failure to plead, either expressly or by necessary implication, the terminal elements. *See Ballan*, 71 M.J. at 35–36; *Nealy*, 71 M.J. at 77–78.

## CONCLUSION

On consideration of the entire record and the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M .J. 431 (C.M.A. 1982), the

ROBERTSON—ARMY 20100124

finding of guilty and the sentence as approved by the convening authority are AFFIRMED.

Senior Judge KERN and Judge MARTIN concur.

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court