# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JARED L. PITTMAN**
**United States Army, Appellant**

ARMY 20140337

Headquarters, Fort Stewart
John T. Rothwell, Military Judge
Colonel Francisco A. Vila (pretrial)
Colonel Luis O. Rodriguez, Staff Judge Advocate (post-trial)

For Appellant:  Lieutenant Colonel Charles D. Lozano, JA; Major Aaron R. Inkenbrandt, JA; Captain Heather L. Tregle, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Major A.G. Courie III, JA; Captain Scott L. Goble, JA; Captain Diara Z. Andrews, JA (on brief).

21 January 2016

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

An enlisted panel sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of adultery and one specification of obstructing justice in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2012) [hereinafter UCMJ].[1]  The panel sentenced appellant to a reduction to the grade of E-1, nine months confinement, and a bad conduct discharge.  The convening authority approved the findings and sentence as adjudged.

Appellant's case is before this court for review under Article 66, UCMJ.  Appellant raises one assignment of error which merits discussion and relief:

---

[1] The panel acquitted the appellant of one specification of conspiracy to obstruct justice, one specification of making a false official statement, and one specification of sexual assault, charged under Articles 81, 107, and 120, UCMJ.

CHARGE III, SPECIFICATION I, WAS NOT REFERRED TO [APPELLANT'S] COURT-MARTIAL, THEREFORE THE COURT-MARTIAL LACKED JURISDICTION TO ENTER FINDINGS FOR THAT OFFENSE.

## BACKGROUND

On 13 November 2013 the government preferred charges against the appellant. Specification 1 of Charge IV, renumbered as Specification 1 of Charge III following the Article 32, UCMJ, investigation, alleged appellant committed adultery in violation of Article 134, UCMJ. On 4 February 2014, the staff judge advocate provided his pretrial advice to the convening authority wherein he recommended:

> [T]hat Specification 1 of Charge III [renumbered](Adultery) be dismissed. I recommend that the remaining charges and their specifications, dated 13 November 2013, and the additional charge and its specification, dated 15 January 2014, be tried by General Court-Martial and be referred to trial….

On the same day, the convening authority approved the staff judge advocate's recommendation without any changes or caveats. Based on this approval, the chief of military justice annotated the charge sheet to reflect the referral of the charges to trial "[b]y command of the [convening authority]." Inexplicably, Specification 1 of Charge III was not dismissed and remained on the referred charge sheet as an apparent viable charge. Trial counsel and defense counsel failed to identify or raise any issue concerning this specification at trial. [2] After trial, the successor staff judge advocate also failed to identify the erroneous referral of the adultery charge when he advised the convening authority to approve the panel's findings of guilt and sentence.

The adultery specification stemmed from an incident occurring on 3 November 2012 following a party at appellant's house. Appellant, his wife, SGT PW, and Ms. AB played poker, which eventually evolved into a game of strip poker. Appellant later engaged in sexual intercourse with Ms. AB, an act witnessed by SGT PW. In February 2013, Ms. AB informed law enforcement that appellant had sexually assaulted her, resulting in an investigation. While the investigation was ongoing, appellant asked SGT PW to convince Ms. AB to drop the charges against

---

[2] In fact, trial defense counsel's closing argument, read as a whole, essentially conceded by omission that the appellant committed adultery. "…[Appellant] should not be found guilty of sexual assault, conspiracy, obstruction of justice, and making a false official statement."

appellant. Appellant threatened to leak a video of SGT PW having sexual intercourse with Ms. AB on the evening of the party if SGT PW could not convince Ms. AB to drop her accusations.

## DISCUSSION

"Jurisdiction is the power of a court to try and determine a case and to render a valid legal judgment." *U.S. v. Harmon,* 63 M.J. 98, 101 (C.A.A.F. 2006). Whether the trial court has jurisdiction is a legal question we review de novo. *Id.*

Jurisdiction by a court-martial generally requires "(1) jurisdiction over the offense, (2) personal jurisdiction over the accused, and (3) a properly convened and composed court-martial." *Id.*; *see* Rule for Court-Martial [hereinafter R.C.M.] R.C.M 201(b). One of the prerequisites for court-martial jurisdiction is the requirement that "[e]ach charge before the court-martial…be referred to it by competent authority." R.C.M. 201(b)(3). A referral occurs upon "the order of the convening authority that charges against an accused will be tried by a specified court-martial." R.C.M. 601(a). "[W]here a particular charge was not referred to a court-martial, either formally or informally, by the officer who convened the court-martial, …the court-martial lacks jurisdiction to enter findings over that charge or specification." *United States v. Nealy,* 71 M.J. 73, 76 (C.A.A.F. 2012) (citing *United States v. Wilkins,* 29 M.J. 421, 424 (C.M.A. 1990)). "[I]t is the convening authority's personal decision, and a prerequisite to jurisdiction, that a charge be referred to court-martial." *Nealy,* 71 M.J. at 76 (citing *Wilkins,* 29 M.J. at 423-24).

The record here is unambiguous. The convening authority approved the staff judge advocate's recommendation concerning referral of charges, including the recommendation to dismiss Specification 1 of Charge III. We find that the court-martial lacked jurisdiction over that specification and accordingly, it is DISMISSED.

## CONCLUSION

The remaining findings of guilty are AFFIRMED. We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). We AFFIRM only so much of the sentence as provides for a bad conduct discharge, confinement for 8 months, and a reduction to the grade of E-1.

First, we find no dramatic change in the penalty landscape that might cause us pause in reassessing appellant's sentence. Dismissal of the adultery specification reduces the maximum confinement from six years to five years, while the remaining

aspects of the penalty landscape remain the same. Second, although appellant was sentenced by members, we are confident based upon our combined experience of the sentence the members would have adjudged for obstruction of justice. Third, the nature of the remaining offense still captures the gravamen of the original offense. In this regard, we note that the evidence of the appellant's adulterous liaison with Ms. AB would have been placed before members in proving obstruction of justice. Finally, based on our experience, we are familiar with the remaining offense so that we may reliably determine what sentence would have been imposed at trial. All rights, privileges, and property, of which appellant has been deprived by virtue of this decision setting aside portions of the findings and sentence are ordered restored.

FOR THE COURT:

JOHN P. TAITT
Deputy Clerk of Court

4