# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32344**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Ethan A. DEMILLER**
Airman (E-2), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 16 February 2017

————————————

*Military Judge:* Brendon K. Tukey.

*Approved sentence:* Bad-conduct discharge, confinement for 30 days, forfeiture of $1,000.00 pay per month for one month, and reduction to E-1. Sentence adjudged 12 June 2015 by SpCM convened at F.E. Warren Air Force Base, Wyoming.

*For Appellant:* Major Lauren A. Shure, USAF, and Captain Annie W. Morgan, USAF.

*For Appellee:* Major J. Ronald Steelman III, USAF, and Gerald R. Bruce, Esquire.

Before DUBRISKE, HARDING, and C. BROWN, *Appellate Military Judges*

Senior Judge DUBRISKE delivered the opinion of the Court, in which Judges HARDING and C. BROWN joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

DUBRISKE, Senior Judge:

Consistent with his pleas pursuant to a pretrial agreement, Appellant was convicted by a military judge sitting alone of dereliction of duty, driving while intoxicated, wrongful use of marijuana on divers occasions, and wrongful possession of marijuana, in violation of Articles 92, 111, and 112a, UCMJ, 10 U.S.C. §§ 892, 911, 912a. Appellant was initially charged with wrongful introduction of marijuana onto a military installation, but pleaded guilty by exceptions and substitutions to the lesser included offense of wrongful possession of marijuana. The Government declined to prove up the greater offense after the military judge accepted Appellant's guilty plea in accordance with the pretrial agreement.

Appellant was sentenced to a bad-conduct discharge, 30 days of confinement, forfeiture of $1,000.00 pay per month for one month, and reduction to E-1. The convening authority approved the sentence as adjudged.

Appellant raises two issues on appeal. First, he argues the military judge erred in accepting Appellant's plea to wrongful possession of marijuana by exceptions and substitutions. Second, Appellant claims the staff judge advocate (SJA) failed to provide accurate legal advice to the convening authority during the post-trial processing of his case. Appellant requests we set aside his sentence to confinement to remedy this error.

As we find no error substantially prejudices a substantial right of this Appellant, we now affirm.

## I. DISCUSSION

### A. Acceptance of Appellant's Guilty Plea to a Lesser Included Offense.

Citing Rule for Courts-Martial (R.C.M.) 918(a)(1), Appellant argues the military judge erred by accepting Appellant's plea to wrongful possession of marijuana as exceptions and substitutions cannot be used to substantially change the nature of a charged offense. In making this argument, Appellant acknowledges the offense of possession of marijuana is a lesser included offense of the wrongful introduction of marijuana specification originally charged by the Government. Appellant also concedes his plea to the lesser offense was provident.

Appellant's argument is misplaced. When a convening authority refers a charge to a court-martial, any lesser included offense of that charge is referred with it, and need not be separately charged and referred. *United States v. Nealy*, 71 M.J. 73, 76 (C.A.A.F. 2012). As to the appropriateness of the military judge's acceptance of Appellant's plea to a lesser included offense, we note Article 79, UCMJ, 10 U.S.C. § 879, provides the following guidance:

> *Findings of guilty to a lesser included offense.* A court-martial may find an accused not guilty of the offense charged, but guilty of a lesser included offense by the process of exception and substitution. The court-martial may except (that is, delete) the words in the specification that pertain to the offense charged and, if necessary, substitute language appropriate to the lesser included offense. . . .

*Manual for Courts-Martial*, United States (2012 ed.), Pt. IV, ¶ 3.b.(3); *see also* R.C.M. 910(a)(1), Discussion (noting a different process when an accused pleads guilty to a lesser included offense without using exceptions and substitutions). As such, we find the military judge's handling of Appellant's plea was appropriate.

## B. Erroneous Post-Trial Processing Advice.

Although he did not object during clemency, Appellant now alleges the SJA gave erroneous legal advice when the convening authority was instructed he could not disapprove, commute, or suspend Appellant's sentence to confinement. Appellant requests this court set aside his 30-day sentence to confinement to correct this error.

We review de novo alleged errors in post-trial processing. *See United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000); *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004). Although the threshold for establishing prejudice in this context is low, the appellant must nonetheless make at least "some colorable showing of possible prejudice." *United States v. Scalo*, 60 M.J. 435, 436–37 (C.A.A.F. 2005) (quoting *Kho*, 54 M.J. at 65).

Failure to timely comment on matters in the staff judge advocate's recommendation (SJAR) or addendum, to include matters attached to it, forfeits the issue unless there is plain error. R.C.M. 1106(f)(6); *Scalo*, 60 M.J. at 436. Under a plain error analysis, the appellant bears the burden of showing: (1) there was an error, (2) it was plain or obvious, and (3) the error materially prejudiced a substantial right of the appellant. *Kho*, 54 M.J. at 65.

As Appellant was sentenced to less than six months of confinement, the Government concedes—and we agree—that the SJA erred in advising the convening authority that he could not provide clemency relief in the form of a reduced term of confinement. *See* Article 60(c)(4)(A), UCMJ, 10 U.S.C. § 860(c)(4)(A).

Yet finding error does not end our inquiry, as Appellant must still demonstrate a colorable showing of possible prejudice in order to prevail on this issue. Whether an appellant was prejudiced by a mistake in the SJAR generally requires a court to consider whether the convening authority "plausibly may have taken action more favorable to" the appellant had he or she been provided

accurate or more complete information. *United States v. Johnson*, 26 M.J. 686, 689 (A.C.M.R. 1988), *aff'd*, 28 M.J. 452 (C.M.A. 1989); *see also United States v. Green*, 44 M.J. 93, 95 (C.A.A.F. 1996). Given Appellant was released from confinement prior to the convening authority's action and his clemency request only asked that his punitive discharge be aside, we find Appellant has not met his burden of establishing prejudice.

Moreover, the Government has been able to demonstrate that any error did not prejudice Appellant. The SJA submitted an affidavit conceding the advice given to the convening authority was incorrect. However, the SJA asserted that even with the convening authority's broader discretion, she still would have recommended the convening authority approve the sentence as adjudged.

More importantly, the convening authority also submitted an affidavit noting that he would not have provided Appellant with relief on the sentence to confinement even with the knowledge now that he had the authority to do so during clemency. As Appellant is unable to demonstrate a colorable showing of possible prejudice, he cannot prevail on this issue. *Scalo*, 60 M.J. at 436–37.

Although we find no prejudice to this particular Appellant, we also note the SJAR failed to include a bad-conduct discharge as a possible punishment when advising the convening authority on the maximum punishment for this special court-martial. Greater attention to detail will eliminate unnecessary errors as found in this case and better facilitate accurate post-trial processing.

## II. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court

4