# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist EDUARDO MARQUEZ**
**United States Army, Appellant**

ARMY 20150604

Headquarters, U.S. Army Combined Arms Center and Fort Leavenworth
Marc D. Cipriano, Military Judge
Colonel John S. T. Irgens, Staff Judge Advocate (pretrial)
Colonel Craig E. Merutka, Staff Judge Advocate (post-trial)

For Appellant:  Lieutenant Colonel Christopher D. Carrier, JA; Major Christopher D. Coleman, JA; Captain Ryan T. Yoder, JA, Captain Cody Cheek, JA (on brief and reply brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie, III, JA; Major Cormac M. Smith, JA; Captain Cassandra M. Resposo, JA (on brief).

22 March 2017

----------------------------------
SUMMARY DISPOSITION
----------------------------------

PENLAND, Judge:

After pleading guilty to all offenses of which he was found guilty, appellant now alleges an unpreserved, non-jurisdictional error warrants sentence relief. We disagree.

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of one specification of using disrespectful language toward a noncommissioned officer and three specifications of assault consummated by battery, in violation of Articles 91 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 891, 928 (2012) [hereinafter UCMJ].  The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for three months, and reduction to the grade of E-1.

We review this case under Article 66, UCMJ. We have considered appellant's submissions pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982); they lack merit. Appellant's one assigned error merits brief discussion, but no relief.

The general court-martial convening authority (GCMCA) lawfully ordered appellant to active duty for his court-martial as a result of his misconduct during an earlier period of active-duty training. Citing Article 2(d), UCMJ, as codal authority, the Assistant Secretary of the Army (Manpower and Reserve Affairs) (ASA (M&RA)) approved the order. At trial, appellant voiced no quarrel with the ASA (M&RA)'s authority to do so. Now, and for the first time, he asserts his confinement violated Article 2(d)(5)(A), UCMJ, which states: "A member ordered to active duty [], unless the order to active duty was approved by the Secretary concerned, may not [] be sentenced to confinement." Appellant argues this Secretarial authority is non-delegable; alternatively, he argues the Secretary of the Army did not, in fact, delegate such authority to the ASA (M&RA).

Appellant does not attack the court-martial's jurisdiction, which we certainly understand after considering the components thereof and finding them present here. *See United States v. Harmon*, 63 M.J. 98, 101 (C.A.A.F. 2006) ("Generally, there are three prerequisites that must be met for courts-martial jurisdiction to vest: (1) jurisdiction over the offense, (2) personal jurisdiction over the accused, and (3) a properly convened and composed court-martial."); *United States v. Nealy*, 71 M.J. 73, 75 (C.A.A.F. 2012); and *United States v. Ali*, 71 M.J. 256, 261 (C.A.A.F. 2012) (citing Rule for Courts-Martial 201(b)). By entering an unconditional guilty plea to all of the offenses that we now review, appellant waived his current complaint. *See United States v. Schweitzer*, 68 M.J. 133, 136 (C.A.A.F. 2009).

Even had appellant preserved the alleged error, we would resolve it against him. The Secretary of the Army's approval authority under Article 2(d)(5)(A), UCMJ, is delegable. *See United States v. Hennis*, 75 M.J. 796, 804-05 (Army Ct. Crim. App. 2016). The Secretary indeed delegated it in Department of the Army General Order 2012-01: "The ASA (M&RA) is assigned responsibility for [] exercising the human resource authorities of the SecArmy [] [and] [p]roviding, in coordination with the General Counsel, policy supervision for Army law enforcement matters, including [] military justice matters. . . ."

**CONCLUSION**

The findings of guilty and the sentence are AFFIRMED.

Senior Judge CAMPANELLA and Judge HERRING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court