# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Royce G. CLIFTON
### Chief Yeoman (E-7), U.S. Coast Guard

## CGCMG 0266

## Docket No. 1332

## March 9, 2011

General Court-Martial convened by Commander, Maintenance and Logistics Command Pacific. Tried at Alameda, California, on 13 February and 30 March - 7 April 2009.

| | |
|---|---|
| Military Judge: | CAPT Gary E. Felicetti, USCG |
| Trial Counsel: | LT Erin N. Adler, USCG |
| Assistant Trial Counsel: | LCDR Matthew A. Braden, USCG |
| Civilian Defense Counsel: | Mr. Jeremiah J. Sullivan |
| Military Defense Counsel: | LT John F. Butler, JAGC, USN |
| Assistant Defense Counsel: | LT Brian M. Davis, JAGC, USN |
| Appellate Defense Counsel: | LT Kelley L. Tiffany, USCGR |
| | LCDR Shadrack L. Scheirman, USCG |
| Appellate Government Counsel: | CAPT Stephen P. McCleary, USCG |
| | LT Herbert C. Pell, USCGR |

## BEFORE
## McCLELLAND, LODGE & SELMAN
### Appellate Military Judges

McCLELLAND, Chief Judge:

Appellant was tried by general court-martial composed of officer members. Contrary to his pleas, Appellant was convicted of one specification of violating a lawful order, in violation of Article 92, Uniform Code of Military Justice (UCMJ); one specification of maltreatment of a subordinate, in violation of Article 93, UCMJ; one specification of indecent act, one specification of abusive sexual contact and one specification of indecent exposure, all in violation of Article 120, UCMJ; and one specification of assault consummated by a battery, in

violation of Article 128, UCMJ. The court sentenced Appellant to confinement for sixty days, hard labor without confinement for sixty days, reduction to E-5, and a bad-conduct discharge. The Convening Authority approved the sentence except for the hard labor without confinement.

Before this court, Appellant has assigned the following errors:

I. Appellant's conviction for indecent acts with another must be set aside because, pursuant to *United States v. Jones,* 68 M.J. 465 (C.A.A.F. 2010), it is not a lesser included offense of aggravated sexual assault.

II. The statutory scheme of Article 120 is unconstitutional because it places the burden on an accused to disprove an element of the government's case.

III. The evidence is factually insufficient to sustain a conviction for abusive sexual contact, because the evidence adduced at trial does not support a finding that the alleged victim was substantially incapable of declining participation.

IV. The evidence is factually insufficient to sustain a conviction for indecent exposure, because there is no evidence that Appellant intended to excite lust in himself or in others.

V. The military judge erred when he provided conflicting instructions to the members on the charged elements of substantial incapacitation and substantially incapable.

We heard oral argument on the first issue on 1 March 2011.[1]

We summarily reject the third and fourth issues. Appellant's argument concerning inconsistency of the findings on Charge III Specification 1, aggravated sexual assault (upon which Appellant was found guilty only of the lesser offense of indecent acts), and Charge III Specification 2, abusive sexual contact, is faulty. There is sufficient circumstantial and other evidence to support the convictions for both abusive sexual contact and indecent exposure. We discuss the other issues, find error on the first issue, and affirm the sentence.

### Lesser Included Offense

Appellant argues that his conviction for indecent acts, which was instructed on and found as a lesser included offense of aggravated sexual assault under Article 120, UCMJ, must be set aside because it is not a lesser included offense.

---

[1] Judge Lodge attended oral argument via telephone.

*United States v. Jones*, 68 M.J. 465 (C.A.A.F. 2010) is the starting point for our analysis of this issue. In that case, the accused was charged with rape, in violation of Article 120, UCMJ, as it existed before the amendment thereof that became effective on 1 October 2007. Consistent with instructions by the military judge, he was found guilty of indecent acts with another, in violation of Article 134, UCMJ. The Court of Appeals for the Armed Forces (CAAF) held that indecent acts was not a lesser included offense (LIO) of rape, because Article 134's "terminal elements" – "prejudice to good order and discipline" or "of a nature to bring discredit upon the armed forces" – are not elements of Article 120, and therefore Article 79, UCMJ, and the "elements test" of *Schmuck v. United States*, 489 U.S. 705 (1989), are not met, regardless of the Manual for Courts-Martial's LIO listing and prior precedent.

In our case, in Charge III Specification 1,[2] Appellant was charged with aggravated sexual assault in violation of Article 120(c), UCMJ (the new version that became effective on 1 October 2007), and was instead found guilty, consistent with the military judge's instructions, of an indecent act in violation of Article 120(k), UCMJ. Because our case does not involve Article 134, UCMJ, we do not have the simple case of a putative LIO whose additional element of "prejudice to good order and discipline" or "of a nature to bring discredit upon the armed forces" precludes affirmance of the LIO. Instead, we must ask whether the elements of indecent acts (under the new Article 120) are necessarily included in aggravated sexual assault, so as to meet the tests of Article 79 and *Schmuck*.

The military judge instructed the members on the elements of Charge III Specification 1, aggravated sexual assault: that the accused engaged in a sexual act, to wit: penetrating DK's vagina with his fingers; and that the accused did so when DK was substantially incapacitated. (R. at 1293.) He instructed them on certain other LIOs, followed by the elements of indecent act: that the accused engaged in certain wrongful conduct, to wit: engaging in a sexual act or sexual contact with DK; and that the conduct was indecent. He further explained as follows:

---

[2] On the charge sheet, this specification appeared as Charge IV Specification 5. By the time it came before the members, attrition of other charges and specifications had resulted in its new designation as Charge III Specification 1.

"Indecent conduct" means that form of immorality relating to sexual impurity which is grossly vulgar, obscene and repugnant to common propriety and tends to excite sexual desire or deprave morals with respect to sexual relations. "Indecent conduct" includes but is not limited to observing or making a video tape, without another person's consent and contrary to that person's reasonable expectation of privacy, of that other person's genitalia, anus or buttocks, or if that person is a female, that person's nipple, or that other person while that other person is engaged in a sexual act or sexual contact.

* * *

Article 120, UCMJ, is not intended to regulate the wholly private consensual sexual activities of individuals. In the absence of aggravating circumstances, private consensual sexual activity is not punishable as an indecent act. Among possible aggravating circumstances is that the sexual activity was open and notorious. Sexual activity may be open and notorious when the participants know that someone else is present. This presence of someone else may include a person who is present and witnesses the sexual activity or is present and aware of the sexual activity through senses other than vision. On the other hand, sexual activity that is not performed in the close proximity of someone else and which passes unnoticed may not be considered open and notorious. Sexual activity may also be considered open and notorious when the act occurs under circumstances in which there is a substantial risk that the acts could be witnessed by someone else, despite the fact that no such discovery occurred.

This lesser included offense differs primarily from the lesser included offenses I discussed with you previously in that this offense applies to entirely consensual sexual activity that is indecent.

(R. at 1304-05.)

These instructions allowed Appellant to be convicted based on voyeuristic conduct or, relevant to this case, sexual activity when other people were present. Those elements are not stated or implied in the language of the charged specification, which conforms to the standard specification set forth in Manual for Courts-Martial, Pt. IV, ¶ 45.g.(3)(c), United States (2008 ed.). They are manifestly absent from the elements of aggravated sexual assault. They cannot be said to be necessarily included in the offense of aggravated sexual assault. Under *Jones*, Appellant cannot be said to have been on notice that he must defend against the offense of indecent acts.

The Government appears to argue that every offense set forth in the new Article 120 was intended by Congress to be in an LIO relationship with other offenses therein, and cites the

legislative history of the new Article 120 in support of this notion: "This section would amend article 120 of the UCMJ to provide a series of graded offenses relating to rape, sexual assault and other sexual misconduct, based on the presence or absence of aggravating factors." H.R. Rep. No. 109-89, at 32 (2005).

The quoted sentence is far too thin a reed to bear the weight of the Government's argument. It is true that the language of several of the offenses specified within Article 120 lends itself to the interpretation that an LIO relationship is intended, but where that is not obviously the case, as with aggravated sexual assault and indecent acts, we are far from persuaded that Congress intended to specify that LIOs should be found.

We conclude that the military judge erred in instructing the members that they could convict Appellant of indecent acts as a lesser included offense of aggravated sexual assault. Appellant did not object to the instructions at trial. In *Jones*, the accused had not objected to the instructions. CAAF observed in a footnote that "conviction of an offense not charged was clearly prejudicial in the context of plain error analysis where, as here, the case was not tried on a theory of indecent acts and the military judge did not introduce the subject of indecent acts into the case until after the parties had completed their presentation of the evidence." *Jones*, 68 M.J. at 473. We are not certain whether the same can be said of our case. There is early mention of the possibility of lesser included offenses, *e.g.* during instructions to the members before any evidence was presented (R. at 235), but exactly what lesser included offenses might be instructed on is not specified. Regardless, we believe the error was plain error. *See United States v. Powell*, 49 M.J. 460 (C.A.A.F. 1998); *United States v. Fisher*, 21 M.J. 327 (C.M.A. 1986).

Accordingly, we will disapprove the finding of guilty of indecent acts under Charge III Specification 1 and reassess the sentence.

## Article 120

Appellant asserts that the statutory scheme of Article 120 is unconstitutional. In this case the argument is applied with respect to Article 120(c)(2) (Appellant was found guilty of a specification of abusive sexual contact under Article 120(h) by reference to Article 120(c)(2)).

To find a violation of Article 120(c)(2), the person with whom the accused engages in a sexual act must be substantially incapacitated or substantially incapable. Article 120(r) requires an accused to bear the burden of proving consent as an affirmative defense to Article 120(c) and Article 120(h), and Article 120(t)(14) provides that a substantially incapable person cannot consent. Thus, to prove the affirmative defense of consent, an accused must prove that the person with whom the accused engages in a sexual act is not substantially incapable. Taking these provisions together, to claim the affirmative defense under the statute, the accused is given the burden of proving the absence of an element of the offense, which is constitutionally impermissible. Such is the substance of Appellant's argument, and it presents an accurate portrayal of this problematic statute.[3]

However, in *United States v. Neal*, 68 M.J. 289 (C.A.A.F. 2010), the Court of Appeals for the Armed Forces held that the statute was not unconstitutional, and noted, at 304, that "the military judge has the authority to craft an appropriate instruction ensuring that the burden of proof remains with the government."

In *United States v. Garcia*, 69 M.J. 658 (C.G.Ct.Crim.App. 2010), relying on *Neal*, we held that Article 120 was not unconstitutional in the context of that case, which alleged a violation of Article 120(c)(2). We held that the military judge's instructions in that case, which eliminated the recognized statutory problem, were appropriate. We note that in this case, the military judge's instructions on Charge III Specification 2, abusive sexual contact, the specification of which Appellant was found guilty implicating this issue, did not place the burden of proof on Appellant. To the contrary, the court members were unequivocally instructed that the prosecution had the burden to prove beyond a reasonable doubt both that the alleged victim was substantially incapable and that consent and mistake of fact as to consent did not exist. (R. at 1306-07.) We further note that Appellant did not object at trial to the instructions that were given. (R. at 1287, 1328.)[4] For the same reason as in *Garcia*, we hold that Article 120 is not unconstitutional in the context of this case.

---

[3] *See United States v. Prather*, No. 10-0345, slip op. (C.A.A.F. 8 February 2011).
[4] The instructions in this case distinguish the case from *Prather*.

**Instructions**

Appellant calls attention to the fact that the military judge instructed the court members of the meaning of "substantially incapacitated," which appears in Charge III specification 1, and the meaning of "substantially incapable," which appears in Charge III specification 2, using identical language. Appellant does not assert error in this, and we see no error.[5] Appellant goes on to argue an inconsistency in a later instruction, but the argument appears to be based on a mistaken reading of the instructions. We find no error in the instructions. Further, as we noted before, Appellant raised no objection to the instructions at trial. (R. at 1287, 1328.) If there was error, it was not plain error.

**Sentence Reassessment**

We are disapproving the conviction of indecent acts. We are approving a conviction of abusive sexual contact, as well as perhaps lesser but still significant convictions of violating a lawful order, maltreatment of a subordinate, and assault consummated by a battery. Next to these offenses, the indecent act was insignificant. Considering all the evidence, we are certain the sentence would have been the same without the conviction of indecent act.

**Decision**

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the finding of guilty of indecent act is disapproved. The remaining findings and the sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the remaining findings of guilty and the sentence, as approved below, are affirmed.

Judges LODGE and SELMAN concur.



For the Court,

John T. Ure
Deputy Clerk of the Court

---

[5] *See Prather*, slip op. at 12 ("Although there may exist an abstract distinction between 'substantially incapacitated' and 'substantially incapable,'" the court found no meaningful distinction in the context of that opinion.).