# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class WILLIAM G. MATHESIUS**
**United States Army, Appellant**

ARMY 20110592

Headquarters, United States Army Aviation and Missile Command
Stephen E. Castlen, Military Judge
Colonel Craig A. Meredith, Staff Judge Advocate (pretrial)
Colonel David T. Crawford, Staff Judge Advocate (post-trial)

For Appellant: Major Jacob D. Bashore, JA; Captain John L. Schriver, JA (on brief); Lieutenant Colonel Imogene M. Jamison, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Captain John L. Schriver, JA (on brief in response to specified issues).

For Appellee: Lieutenant Colonel Amber J. Roach, JA (on brief); Lieutenant Colonel Amber J. Roach, JA; Major Katherine S. Gowel, JA; Captain T. Campbell Warner, JA (on brief in response to specified issues).

22 February 2013

-----------------------------------
MEMORANDUM OPINION
-----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

GALLAGHER, Judge:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his plea, of one specification of aggravated sexual assault of a child in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2006 & Supp. III 2009) [hereinafter UCMJ].[1] The military judge sentenced appellant to a bad-conduct discharge, confinement for four months, forfeiture of all pay and

---

[1] A specification involving enticing a child to engage in an unlawful sexual act in violation of Article 134, UCMJ, was dismissed.

allowances, and reduction to the grade of E-1. The convening authority changed the finding of guilty from aggravated sexual assault of a child to indecent acts, approved the sentence as adjudged, and credited appellant with ten days of confinement against the sentence to confinement.

This case is before the court for review under Article 66, UCMJ. Appellant submitted his case to this court on its merits. However, appellant personally argued, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), that the convening authority neglected to reassess his sentence after changing the finding of guilty to indecent acts and that indecent acts was not a lesser-included offense (LIO) of aggravated sexual assault of a child. Following the receipt of appellant's initial brief and the government's response, we specified the following issues:

I.

IS INDECENT ACT A LESSER-INCLUDED OFFENSE OF AGGRAVATED SEXUAL ASSAULT OF A CHILD? *SEE*, *E.G.*, *UNITED STATES v. TUNSTALL*, ACM 37592, 2012 WL 1058996 (A.F. CT. CRIM. APP. 28 MAR. 2012) (unpub.); *UNITED STATES v. CLIFTON*, 69 M.J. 719 (C.G. CT. CRIM. APP. 2011).

II.

IF INDECENT ACT IS A LESSER-INCLUDED OFFENSE OF AGGRAVATED SEXUAL ASSAULT OF A CHILD, CAN THIS COURT AFFIRM A FINDING OF INDECENT ACT EVEN THOUGH THE MILITARY JUDGE DID NOT INSTRUCT APPELLANT ON THE SPECIFIC ELEMENTS OF INDECENT ACT AND APPELLANT DID NOT PROVIDE FACTUAL ADMISSIONS TO INDECENT ACT? *SEE*, *E.G.*, *UNITED STATES v. CONLIFFE*, 67 M.J. 127 (C.A.A.F. 2009).

III.

IF INDECENT ACT IS NOT A LESSER-INCLUDED OFFENSE OF AGGRAVATED SEXUAL ASSAULT OF A CHILD, CAN THE CONVENING AUTHORITY, UNDER ARTICLE 60(C)(3), UCMJ, AND RULE FOR COURTS-MARTIAL 1107(C), CHANGE A FINDING OF GUILTY OF ONE CHARGED OFFENSE TO A FINDING OF GUILTY TO A DIFFERENT OFFENSE THAT IS NOT

LESSER-INCLUDED? *SEE*, *E.G.*, *UNITED STATES v. MORTON*, 69 M.J. 12 (C.A.A.F. 2010)?

IV.

IF INDECENT ACT IS NOT A LESSER-INCLUDED OFFENSE OF AGGRAVATED SEXUAL ASSAULT OF A CHILD AND THE CONVENING AUTHORITY LACKS THE AUTHORITY TO CHANGE A FINDING OF GUILTY TO AN OFFENSE THAT IS NOT A LESSER-INCLUDED OFENSE OF THE OFFENSE STATED IN THE SPECIFICATION OF CHARGE I UNDER ARTICLE 60(C)(3), UCMJ, AND RULE FOR COURTS-MARTIAL 1107(C), WHAT IS THE PROPER REMEDY?

V.

NOTWITHSTANDING THE ABOVE, IS THERE ANY OTHER BASIS FOR THIS COURT TO AFFIRM THE FINDING OF GUILTY TO INDECENT ACT AS APPROVED BY THE CONVENING AUTHORITY?

After considering the parties' pleadings as to the specified issues and the record of trial, we find that, under the unique circumstances presented in appellant's case, indecent acts is a LIO of aggravated sexual assault of a child. As such, the convening authority's action in changing the finding of guilty in this case was proper.

## BACKGROUND

Charge I and its Specification alleged the following offense:

In that [appellant], . . . , did, at or near Princeton, Illinois, between on or about 18 December 2010 and on or about 31 December 2010, engage in a sexual act, to wit: sexual intercourse with [KD], who had attained the age of 12 years, but had not attained the age of 16 years.

Appellant, who was nineteen years old at the time of the charged offense, knew KD's brother and sister from high school. Appellant communicated with KD, a fourteen year old in the eighth grade, via text message, phone, and Facebook for about six months beginning in June 2010. Appellant and KD arranged to meet when appellant went home on leave in December 2010. Appellant knew KD was fourteen years old because she had previously disclosed her age to him. To accomplish their

rendezvous, appellant parked approximately two driveways away from KD's residence and KD snuck out of her house to join appellant in his truck.

On the second meeting, appellant and KD engaged in "kissing and fondling in [his] truck." As the kissing and fondling "escalated," appellant eventually asked KD if she would like to have sex with him. KD agreed, and the two engaged in sexual intercourse for "approximately [two] to [three] minutes." According to appellant, "[i]t was because of [KD's] age that I knew that what I was doing was wrong, and after only a few minutes I withdrew my penis from her vagina."

After appellant's court-martial, he requested clemency from the convening authority pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 1105.[2] Appellant did not request any relief from his sentence. Instead, appellant requested the convening authority "change the finding of guilty to the convicted charge and specification to a finding of guilty of a lesser included offense, pursuant to your authority under RCM 1107(c)(1)." Appellant asked for this change based upon the following:

> Upon his release from confinement this week, PVT Mathesius returned to Illinois. As is required, he immediately registered as a sex offender. While registering as a sex offender, PVT Mathesius was informed that under Illinois law, the particular charge of which he was convicted will require a *lifetime* sex offender registration. I respectfully submit that such an infinite stigma is unnecessary and wholly unwarranted for this young man.[3] (emphasis in original).

Appellant argued in his R.C.M. 1105 submission that a conviction for indecent acts under Article 120, UCMJ, would give him a better chance at avoiding a lifetime sex offender registration. Appellant hoped to register for a period of ten years in lieu of registering for the remainder of his life, and he believed he would have a better chance at doing so if his conviction was for indecent acts instead of aggravated sexual assault of a child.

In his addendum, the Staff Judge Advocate (SJA) recommended that the convening authority "approve the request for a finding of guilty to the lesser included offense of indecent acts . . . ." The SJA offered no analysis in support of

---

[2] We note that the same civilian defense counsel represented appellant both at trial and during the post-trial processing of his case.

[3] Appellant's civilian defense counsel pointed out in the R.C.M. 1105 submission that he was not licensed to practice law in the state of Illinois.

his conclusion that indecent acts was a LIO of aggravated sexual assault of a child. At action, the convening authority changed the finding of guilty of aggravated sexual assault of a child to indecent acts.

## LAW AND DISCUSSION

The convening authority may "change a finding of guilty to a charge or specification to a finding of guilty to an offense that is a lesser included offense of the offense stated in the charge or specification." UCMJ art. 60(c)(3)(B).

To determine if one offense is a LIO of another offense, we apply the "elements" test. *United States v. Jones*, 68 M.J. 465, 470 (C.A.A.F. 2010). Under the "elements" test, one offense is not "necessarily included" in another offense unless the elements of the first are a subset of the elements of the second. *Id*. at 469–70. However, "[t]he elements test does not require that the two offenses at issue employ identical statutory language." *United States v. Alston*, 69 M.J. 214, 216 (C.A.A.F. 2010). "Instead, the meaning of the offenses is ascertained by applying the 'normal principles of statutory construction.'" *Id*. (citation omitted). Essentially, "[t]o be necessarily included in the greater offense the lesser must be such that it is impossible to commit the greater without first having committed the lesser." *Schmuck v. United States*, 489 U.S. 705, 719 (1989) (citations and internal quotation marks omitted). "The fact that there may be an 'alternative means of satisfying an element in a lesser offense does not preclude it from being a lesser-included offense.'" *United States v. Arriaga*, 70 M.J. 51, 55 (C.A.A.F. 2011) (citations omitted).

Upon review, "a guilty plea will be rejected only where the record of trial shows a substantial basis in law and fact for questioning the plea." *United States v. Aleman*, 62 M.J. 281, 283 (C.A.A.F. 2006) (quoting *United States v. Harris*, 61 M.J. 391, 398 (C.A.A.F. 2005)). We review a judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Weeks*, 71 M.J. 44, 46 (C.A.A.F. 2012) (citing *United States v. Inabinette*, 66 M.J. 320, 321 (C.A.A.F. 2008)). A judge can abuse his discretion if he accepts a guilty plea "without an adequate factual basis to support it" or if he accepts a guilty plea based upon "an erroneous view of the law." *Id*. (citing *Inabinette*, 66 M.J. at 321–22). A judge must question an accused regarding the factual predicate of any charged offense to ensure that "the acts or the omissions of the accused constitute the offense to which he is pleading guilty." *United States v. Bullman*, 56 M.J. 377, 380 (C.A.A.F. 2002) (quoting *United States v. Care*, 18 U.S.C.M.A. 535, 541, 40 C.M.R. 247, 253) (1969)) (internal punctuation marks omitted). "[A]n accused has a right to know to what offense and under what legal theory he or she is pleading guilty." *United States v. Medina*, 66 M.J. 21, 26 (C.A.A.F. 2008).

There is no substantial basis in law or fact to set aside the finding of guilty to indecent acts. The facts established during the providence inquiry and contained in the stipulation of fact amply support a finding that appellant committed indecent acts under Article 120, UCMJ. The issue before us is whether indecent acts under Article 120, UCMJ, was a LIO available to the convening authority to approve within his Article 60(c)(3), UCMJ, authority and whether appellant was on notice he was pleading guilty to the LIO of indecent acts when he pleaded guilty to aggravated sexual assault of a child.

The offense of aggravated sexual assault of a child under Article 120, UCMJ, requires the government to prove the following two elements:

> [1] That the accused engaged in a sexual act with a child; and

> [2] That at the time of the sexual act the child had attained the age of 12 years but had not attained the age of 16 years.

*Manual for Courts-Martial*, *United States* (2008 ed.) [hereinafter *MCM*], pt. IV, ¶45.b.(4). "The term 'sexual act' means—(A) contact between the penis and the vulva, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight . . . ." *MCM*, pt. IV, ¶45.a.(t)(1).

The offense of indecent acts under Article 120, UCMJ, requires the government to establish the following two elements:

> [1] That the accused engaged in certain conduct; and

> [2] That the conduct was indecent conduct.

*MCM*, pt. IV, ¶45.b.(11). "The term 'indecent conduct' means that form of immorality relating to sexual impurity that is grossly vulgar, obscene, and repugnant to common propriety, and tends to excite sexual desire or deprave morals with respect to sexual relations. . . ." *MCM*, pt. IV, ¶45.a.(t)(12).

Under the particular facts and circumstances present in appellant's case, we find that indecent acts was a LIO of aggravated sexual assault of a child. The offense as charged included all the elements of both offenses, as the indecent conduct at issue is the act of engaging in sexual intercourse with a child. Consequently, the convening authority acted within the scope of his authority when he changed the finding of guilty from aggravated sexual assault of a child to indecent acts in accordance with Article 60(c)(3), UCMJ, and R.C.M. 1107(c).

Furthermore, appellant was on notice when he pleaded guilty that indecent act was a LIO, as indecent acts is listed as a LIO of aggravated sexual assault of a child in the *MCM*. *See MCM*, pt. IV, ¶45.d.(4)(a); *United States v. Nealy*, 71 M.J. 73, 76 (C.A.A.F. 2012) (finding it "significant that at all relevant times during [a]ppellant's proceedings, Article 117, UCMJ, 'provoking speech,' was listed in the *MCM* as an LIO of Article 134, UCMJ, communicating a threat.") (citation and internal punctuation marks omitted). Notably, indecent acts is listed as a LIO of aggravated sexual assault of a child, but it is not listed as a LIO of aggravated sexual assault. *Compare MCM*, pt. IV, ¶45.d.(4)(a), *with MCM*, pt. IV, ¶45.d.(3)(a). Of course, such a listing is not dispositive under *Jones* because the "elements" test controls whether one offense is a LIO of another. *See Jones*, 68 M.J. at 471. Nonetheless, the fact that indecent acts is listed as a LIO of aggravated sexual assault of a child, but not of aggravated sexual assault, is significant because it demonstrates the inherent recognition that conduct can be indecent and criminal based upon the age of one's sex partner. *See United States v. Rollins*, 61 M.J. 338, 344 (C.A.A.F. 2005) (stating that "[t]he determination of whether an act is indecent requires examination of all the circumstances, including the age of the victim, the nature of the request, the relationship of the parties, and the location of the intended act."); *United States v. Strode*, 43 M.J. 29, 32 (C.A.A.F. 1995) (observing "[a]n act that may not be indecent between consenting adults may well be made indecent because it is between an adult and a child."); *United States v. Hearn*, 66 M.J. 770, 778 (Army Ct. Crim. App. 2008) (finding the indecency of appellant's crime "was intrinsically linked to the age of the victim . . . rather than presence of a third-party or the issue of consent.").

When appellant pleaded guilty to aggravated sexual assault of a child, "he was also on fair constructive notice that he was pleading guilty to the lesser included offense of" indecent acts. *United States v. Conliffe*, 67 M.J. 127, 135 (C.A.A.F. 2009) (citing *Medina*, 66 M.J. at 27). Appellant's subsequent clemency request affirmatively characterized indecent acts as a LIO, which, along with the SJA's agreement, reinforces the fact that he possessed fair constructive notice he was pleading guilty to the LIO at the time of his court-martial. *See Nealy*, 71 M.J. at 76 (finding "the entire record suggests that everyone involved in the case believed that the Article 117, UCMJ, offense was in fact an LIO of the Article 134, UCMJ, offense . . . .").

Lastly, pursuant to *Grostefon*, 12 M.J. 431, appellant contends the convening authority erred by neglecting to reassess his sentence after changing the finding of guilty to indecent acts. Normally, a defense counsel's failure to comment on any matter contained in a post-trial recommendation forfeits any later claim of error absent plain error. *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000). However, we find appellant's clemency request affirmatively waived any issue as to reassessing appellant's sentence because appellant's clemency request specifically states appellant "does not request any sentence relief."

But even assuming the convening authority erred by not reassessing appellant's sentence after changing the finding of guilty to a LIO, no relief is warranted because appellant cannot demonstrate "some colorable showing of possible prejudice." *Id.* (quoting *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998)). We are confident "that, absent any error, the sentence adjudged would have been of at least a certain severity." *United States v. Buber*, 62 M.J. 476, 478 (C.A.A.F. 2006). Affirming the LIO of indecent acts in this case does not significantly change the sentencing landscape because the aggravating nature of appellant's sexual conduct with KD would still be properly before the military judge. *See United States v. Moffeit*, 63 M.J. 40, 43 (C.A.A.F. 2006) (Baker, J., concurring in the result). Simply put, the same facts would be elicited during the providence inquiry and would still be contained in the stipulation of fact had the military judge found appellant guilty of indecent acts.

Moreover, appellant elected trial by military judge alone, and we are "more likely to be certain of what a military judge alone would have done than what a panel of members would have done." *Id.* Finally, we have experience and familiarity with indecent acts and can reliably assess what sentence a military judge would have imposed had he found appellant guilty of indecent acts. *Id.* at 41. Consequently, we are confident the military judge would have adjudged a sentence no less than that approved by the convening authority in this case had he convicted appellant of indecent acts. Thus, we do not find the convening authority erred by failing to reassess appellant's sentence after changing the findings of guilty to a LIO as an act of clemency, as opposed to redressing an error, pursuant to appellant's request.

**CONCLUSION**

On consideration of the entire record, the specified issues, and the parties' subsequent pleadings, we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

Senior Judge COOK and Judge HAIGHT concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court